IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| In re: | ) | CV. NO. 07-00198 DAE/LEK |
| | ) | (Bankruptcy Appeal) |
| PERSONAL ELECTRIC TRANSPORTS, INC., | ) ) ) | |
| Debtor(s). | ) ) | |
| _____ | ) ) | |
| PERSONAL ELECTRIC TRANSPORTS, INC., ANTHONY LOCRICCHIO, and RICHARD DEWAELE, | ) ) ) ) ) | |
| Appellants, | ) ) | |
| v. | ) ) | |
| OFFICE OF THE U.S. TRUSTEE | ) ) | |
| Appellee. | ) ) | |
| _____ | ) | |

ORDER GRANTING UNITED STATES TRUSTEE'S
MOTION TO DISMISS APPEAL AND DENYING
AS MOOT DEBTORS' MOTION FOR STAY PENDING APPEAL

On June 25, 2007, the Court heard the United States Trustee's

("Trustee") Motion to Dismiss Appeal and Debtors' Motion For Stay Pending

Appeal. Carol Muranaka, Assistant United States Trustee, appeared at the hearing

on behalf of United States Trustee; Anthony P. Locricchio, Esq., appeared at the

hearing on behalf of Locricchio Creditors and Richard C. Dewaele, Esq., appeared

on behalf of Debtors. After reviewing the motion and the supporting and opposing memoranda, the Court GRANTS United States Trustee's Motion to Dismiss Appeal and DENIES AS MOOT Debtors' Motion for Stay Pending Appeal.

## BACKGROUND

On February 14, 2007, the United States Bankruptcy Court for the District of Hawaii ("Bankruptcy Court") filed the following orders: 1) Order Dismissing Case; 2) Order Denying Debtor's Emergency Ex-Parte Motion to Stay All Proceedings; 3) Order Denying Debtor's Emergency Ex-Parte Motion for an Order to Strike Any Response that Disclosure Statement Is Unsatisfactory; and 4) Order Denying Creditors Committee's Emergency Ex-Parte Motion to Strike Hearing of Former Chapter 7 Trustee to Reconvert Case to Chapter 7.

On February 26, 2007, Debtors (and Locricchio creditors) timely filed a motion for reconsideration of the order dismissing the case, a motion for rehearing of order to dismiss the matter based on new evidence, and a motion for rehearing on the issue of the need to recuse Judge Farris. Debtors also filed a motion for rehearing of the order regarding the application of Richard Dewaele of his intent to continue to appear as pro bono counsel for Debtors.

On March 5, 2007, the Bankruptcy Court denied Debtors' motion for reconsideration of order dismissing case and denied the motion for rehearing of the

order dismissing the matter based on new evidence.  On the same day, the Bankruptcy Court issued an order denying the motion for rehearing on the issue of the need to recuse Judge Farris and an order denying the motion for rehearing on Richard Dewaele's application.  On March 7, 2007, the Bankruptcy Court issued an order denying the Official Unsecured Creditors Committee's Motion for Rehearing of Motion to Dismiss and Other Matters Determined by the Court at the January 29, 2007, Hearing.

On March 16, 2007, Debtors and Locricchios filed a Notice of Appeal (the "Notice").  In the Notice, Debtors state that it is appealing from: 1) the Order Denying Motion for Reconsideration and Motion for Rehearing on Order Dismissing the Case, 2) Order Denying Motion for Rehearing on Issue of Need to Recuse Judge Farris, and 3) Order Denying Motion for Rehearing on Richard C. Dewaele of Intent to Continue to Appear as Pro Bono Counsel for Debtor in Possession.  The Notice specifically states that each order was filed on March 5, 2007.

Debtors filed in this Court a Motion For Stay Pending Appeal on May 2, 2007.  Trustee filed an opposition on June 7, 2007, and Debtors filed a Reply on June 15, 2007.  On May 10, 2007, Trustee filed a Motion to Dismiss Appeal

arguing that the appeal was untimely filed.  Debtors filed an opposition on June 7, 2007, and Trustee filed a reply on June 14, 2007.

## STANDARD OF REVIEW

A motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Review is limited to the contents of the complaint.  Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994).  Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff.  Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).  A complaint does not need to include detailed facts to survive a Rule 12(b)(6) motion to dismiss.  Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965. (2007).  However, in providing grounds for relief, a plaintiff must do more than recite the formulaic elements of a cause of action.  Id. at 1966.  Plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence.  In other words, a plaintiff must allege enough facts to state a claim for relief that is plausible on its face.  Id. at 1974.  "[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim."  McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988).

## DISCUSSION

Pursuant to 28 U.S.C.A. § 158, an appeal from a decision in the Bankruptcy Court shall be made in the same manner as appeals in civil proceedings and in the time provided by Rule 8002 of the Bankruptcy Rules. Rule 8002 provides that "[t]he notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bankr. P. 8002(a).

In this case, Debtors listed three specific orders from which they appealed and noted that each order was filed on March 5, 2007. The Notice, however, was filed on March 16, 2007, 11 days after the orders from which the appeal was taken were filed. Trustee, therefore, argues that the appeal is untimely. Debtors argue that the appeal is timely because the three orders from which they appeal are related or "interlocked" to a fourth order, the Order denying the Official Unsecured Creditors Committee's (a different party) Motion for Rehearing of Motion to Dismiss and Other Matters Determined by the Court at the January 29, 2007, Hearing (the "Creditors Committee Order"), which was not filed by the Bankruptcy Court until March 7, 2007.

Rule 8001(a) of the Federal Rules of Bankruptcy Procedure provides that

> [a]n appeal from a judgment, order, or decree of a bankruptcy judge . . . shall be taken by filing a notice of appeal . . . within the time allowed by Rule 8002. . . . The notice of appeal shall (1) conform substantially to the appropriate Official Form, (2) contain the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys, and (3) be accompanied by the prescribed fee.

Fed. R. Br. P. 8001(a). The Official Form provides a format for presenting the information required and has spaces for the date of entry of the order being appealed from.

Here, the Notice did not include the Creditors Committee Order or note the date on which it was filed. That mistake, however, is not necessarily fatal. See Fadayiro v. Ameriquest Mortg. Co., 371 F.3d 920, 922 ("failure of complete, literal conformity to Rule 8001(a) and its incorporated Official Bankruptcy Form 17 should [not] be thought a jurisdictional defect, and hence unforgivable."). Indeed, the Ninth Circuit has noted that unlike Rule 3(c) of the Federal Rules of Appellate Procedure, "Fed. R. Bankr. P. 8001(a) does not require that a notice of appeal to the district court designate the order appealed from." In re Dudley, 249 F.3d 1170, 1174 (9th Cir. 2001); In re JSJF Corp., 344 B.R. 94, 100 (9th Cir. BAP

2006) ("Rule 8001(a) does not require a notice of appeal to designate the order or judgment from which an appeal is taken.").[1]

In In re Dudley, the debtors had listed only the bankruptcy court order denying their motion for reconsideration. 249 F. 3d at 1174. The Ninth Circuit found that it had jurisdiction to consider the debtors' arguments regarding the bankruptcy court order denying their exemption claim, as well as the denial of their motion for reconsideration of the exemption claim, since the debtors had listed the names of all parties to the order appealed from in their notice of appeal, and the district court had considered merits of underlying order denying debtors' exemption claim, as well as the denial of the reconsideration motion. Id.

In In re JSJF Corp., the court allowed the appeal to be taken from both the order denying the motion for reconsideration and the underlying order even though the notice of appeal only designated the motion for reconsideration as the order from which the appeal was taken. 344 B.R. at 100.

---

[1] But cf Fadayiro, 371 F.3d at 922 (without deciding the issue, the court noted that it was "doubtful that a notice of appeal that failed to indicate the order appealed from could nonetheless be thought to comply with the rule, as held in In re Dudley, 249 F.3d 1170, 1174 (9th Cir. 2001)--for how could a notice that omitted such essential information be thought to "conform substantially" to the official form?").

7

Those cases, however, differ from the instant case in many respects. First, Debtors did not file the motion underlying the Creditors Committee Order. Instead, it was filed by Creditors Committee, a separate party. Second, unlike the debtors in the In re Dudley case, Debtors did not name Creditors Committee as a party in their Notice. This mistake is fatal to Debtors' appeal, because naming all parties to the order appealed from is a clear requirement of Rule 8001. Indeed, as noted by the Seventh Circuit, in bankruptcy

> many parties will be bystanders to a particular adversary proceeding, or other subproceeding, that has given rise to an appeal. It is therefore important that the notice of appeal name the appellees. In addition, and also related to the hydraheaded character of many bankruptcy proceedings, all bankruptcy is practiced through Official Forms; and unlike normal federal civil practice, where the forms are illustrations, in bankruptcy they are mandatory. . . . You look in the forms and see who must respond to what . . . .

Fadayiro, 371 F.3d at 922. Without either designating the Creditors Committee Order, the date of the order, or listing the Creditors Committee as a party, this Court, nor the other parties involved have any notice that that order is on appeal or that the Notice was timely filed. Cf Id. (court had jurisdiction over appeal even though the notice of appeal did not designate the order appealed from and did not name all of the appellees, since all of this information was contained in documents appended to notice of appeal).

8

Moreover, unlike the In re Dudley case and the In re JSJF Corp. case, Debtors are not trying to incorporate the orders underlying their motions for reconsideration and/or for rehearing which they designated in the Notice. Other than the various underlying motions having been heard on the same day in January, Debtors provide no explanation of how the Creditors Committee Order is related or "interlocked" with the three orders they designated in their appeal. Debtors only reason for not filing the Notice within ten days of the orders listed therein was that they were waiting for the Bankruptcy Court's decision in the Creditors Committee Order. This reason, however, is not valid as it fails to justify Debtors' failure to timely file an appeal from the orders listed in the Notice. Indeed, Debtors were aware of the Creditors Committee Order prior to filing their Notice and could have easily designated that order, included the date it was filed and included the Creditors Committee as a party to that order.[2] Furthermore, Debtors could have filed their Notice as is one day earlier. Debtors provide no reason for their failure to do so.

As recently reiterated by the United States Supreme Court, "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles

---

[2] Neither have Debtors explained why Creditors Committee is not necessary as a party to their appeal of that order.

v. Russell, No. 06-5306, 2007 WL 1702870, at *5 (U.S. June 14, 2007).  There is no reason that this long-standing rule of law should not apply to an appeal of an order of the Bankruptcy Court.  Accordingly, as Debtors' appeal is untimely, Trustee's motion to dismiss is granted.  Because the Motion to Dismiss Appeal is granted, Debtors' Motion for Stay Pending Appeal is denied as moot.

## CONCLUSION

For the reasons stated above, the Court GRANTS Trustee's Motion to Dismiss Appeal and DENIES AS MOOT Debtors' Motion for Stay Pending Appeal.  Debtors' Appeal is hereby dismissed as untimely.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 25, 2007.



_____
David Alan Ezra
United States District Judge

In re Personal Electric Transports, Inc., CV No. 07-00198 DAE/LEK; ORDER GRANTING UNITED STATES TRUSTEE'S MOTION TO DISMISS APPEAL AND DENYING AS MOOT DEBTORS' MOTION FOR STAY PENDING APPEAL