IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| In re: | ) | CV. NO. 07-00198 DAE/LEK |
| | ) | (Bankruptcy Appeal) |
| PERSONAL ELECTRIC TRANSPORTS, INC., | ) ) | |
| | ) | |
| Debtor(s). | ) | |
| _____ | ) ) | |
| PERSONAL ELECTRIC TRANSPORTS, INC., ANTHONY LOCRICCHIO, and RICHARD DEWAELE, | ) ) ) ) ) | |
| Appellants, | ) ) | |
| v. | ) ) | |
| OFFICE OF THE U.S. TRUSTEE | ) ) | |
| Appellee. | ) ) | |
| _____ | ) | |

ORDER DENYING MOTION FOR REHEARING REGARDING THE COURT'S JUNE 25, 2007 ORDER GRANTING THE UNITED STATES TRUSTEE'S MOTION TO DISMISS APPEAL AND DENYING AS MOOT DEBTOR'S <u>MOTION FOR STAY PENDING APPEAL</u>

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.  After reviewing Personal Electric Transports, Inc.'s motion and the supporting and opposing memoranda, the Court DENIES Personal Electric Transports, Inc.'s motion.

## BACKGROUND

On February 14, 2007, the United States Bankruptcy Court for the District of Hawaii ("Bankruptcy Court") filed orders dismissing the case and denying additional relief to Debtors. On February 15, 2007, the Bankruptcy Court filed an order denying Richard DeWaele's request to serve pro bono as counsel for Debtors. On February 26, 2007, Debtors filed a motion for rehearing of the order denying DeWaele as counsel for Debtors. On the same day, Debtors and Locricchio creditors filed three motions: one for reconsideration of the order dismissing the case, and two for rehearings of the order to dismiss the matter based on new evidence, and on the issue of the need to recuse Judge Farris.

On March 5, 2007, the Bankruptcy Court issued three orders denying Debtors and Locricchio creditors': 1) motion for reconsideration of order dismissing case and motion for rehearing of the order dismissing the matter based on new evidence; 2) motion for rehearing on the issue of the need to recuse Judge Farris; and 3) motion for rehearing on Richard Dewaele's application. On that same day, the Official Unsecured Creditors' Committee ("Committee") filed a motion for Rehearing regarding the Motion to Dismiss and Other Matters Determined by the Court at the January 29, 2007, Hearing, which was signed by

Joseph McNeely, a member of the Committee.  On March 7, 2007, the Bankruptcy Court issued an order denying the Committee's Motion.

On March 16, 2007, Debtors and Locricchios filed a Notice of Appeal (the "Notice").  In the Notice, Debtors state that they are appealing from the three March 5, 2007 orders.  The Notice specifically states that each order was filed on March 5, 2007, and that Debtors, Richard DeWaele, and Locricchios are parties to the appeal.  Debtors filed in this Court a Motion For Stay Pending Appeal on May 2, 2007.  The United States Trustee ("Trustee") filed an opposition on June 7, 2007, and Debtors filed a reply on June 15, 2007.  On May 10, 2007, Trustee filed a Motion to Dismiss Appeal arguing that the appeal was filed in an untimely manner.  Debtors filed an opposition on June 7, 2007, and Trustee filed a reply on June 14, 2007.

On June 25, 2007, the Court heard the United States Trustee's ("Trustee") Motion to Dismiss Appeal and  Debtors' Motion For Stay Pending Appeal.  The Court granted United States Trustee's Motion to Dismiss Appeal based on the grounds that the Notice was untimely, and denied as moot Debtors' Motion for Stay Pending Appeal.  On July 5, 2007, Debtors filed a Motion for Rehearing Regarding the Court's June 25, 2007 Order.

## STANDARD OF REVIEW

Personal Electric filed its motion for rehearing pursuant to Bankruptcy Rule 8015. Fed. R. Br. P. 8015. This rule does not provide a standard of review for granting a rehearing. The Ninth Circuit has upheld the application of Rule 40 of the Federal Rules of Appellate Procedure to a rehearing motion since Rule 8015 was derived from Rule 40. See In re Fowler, 394 F.3d 1208, 1214 (9th Cir. 2005); Fed. R. Br. P. 8015 Advisory Committee Notes. Rule 40 of the Federal Rules of Appellate Procedure requires the petitioner to "state with particularity the points of law or fact which in the opinion of the petitioner the court has overlooked or misapprehended." Fed. R. App. P. 40(a). "A petition for rehearing was not designed to be a 'crutch for dilatory counsel, nor, in the absence of a demonstrable mistake, to permit reargument of the same matters.' " Olson v. United States, 162 B.R. 831, 834 (D.Neb. 1993) (quoting United States v. Vasquez, 985 F.2d 491, 497 (10th Cir. 1993)). "'Whether or not to grant reconsideration is committed to the sound discretion of the court.'" In re Fowler, 394 F.3d at 1214 (quoting Navajo Nation v. Norris, 331 F.3d 1041, 1046 (9th Cir. 2003)).

## DISCUSSION

In the June 25, 2007 order, this Court denied the Appeal as untimely because the three orders referred to in the Notice were issued more than ten days prior to the Notice, and the fourth order, which Debtors claimed was part of the Appeal and therefore made it timely, was not specifically listed in the Notice and Debtors did not name Creditors Committee as a party, which was the party that filed the motion underlying the fourth order.  This Court found that failure to be fatal to their Notice because "[w]ithout either designating the Creditors Committee Order, the date of the order, or listing the Creditors Committee as a party, this Court, nor the other parties involved have any notice that that order is on appeal or that the Notice was timely filed."  (Order at 8.)

In their rehearing motion, Debtors claim that the Creditors Committee was not a separate party because Mr. DeWaele was retained to represent both Debtors and Creditors Committee, and thus they did not need to be named in the Notice.  This argument is meritless.  Although Debtors provided a letter signed by McNeely stating that the Committee retained Richard DeWaele, Mr. McNeely does not state when he retained Mr. DeWaele.  Further, Debtors have not shown that Mr. DeWaele had Court approval to represent the Committee or that he filed an application to be their attorney.  Moreover, Debtors provide no reason why they

did not fully explain this argument in their opposition to the motion to dismiss Appeal.  See United States v. Nagra, 147 F.3d 875, 882 (9th Cir. 1998) ("When a party could have raised an issue in a prior appeal but did not, a court later hearing the same case need not consider the matter.").  Most importantly, the purpose of naming the Committee in the Notice was not only so that the Committee would be aware of the Appeal, but also so that this Court and the Trustee would know which orders were being appealed and that the Notice was timely.  Accordingly, the fact that Committee may have been aware of the Appeal since DeWaele was representing them, does not cure the problem that this Court nor the Trustee were aware that March 7, 2007 order was on appeal.

        Debtors also raise their previous argument that they did not receive adequate notice of the March 5, 2007 orders for them to prepare a timely appeal.  They claim that the Bankruptcy Court records indicate they received the orders by electronic notification, however, Debtors were informed of the March 5, 2007 orders by regular mail two days later on March 7, 2007.  This left only eight days, which Debtors claim is "inadequate time," to formulate an appeal.  This argument also fails.  First, the Bankruptcy Court documents specify that Debtors would receive their notice by mail on March 7, 2007, not electronically.  Second, the ten-day appeal period is clearly specified from the day the judgment is filed, not the

day appellants are served with the papers.  Debtors could have checked the docket on their own initiative two days before the orders were delivered by mail if time was such a binding factor.  Finally, Debtors admit that their Appeal of the three orders was ready to be filed within the ten-day period.  Accordingly, Debtors were clearly not prejudiced by any delay in mailing, as they could have filed their Appeal on time, but chose not to.

        Debtors next reiterate their argument that their appeal was timely because the first three orders of appeal were related or "interlocked" to the fourth order.  Debtors again provide no authority or persuasive argument that these orders are so related that they are thereby excused from not listing the fourth order in the Notice or listing the Creditors Committee.

        Debtors make a new argument concerning alleged information from the bankruptcy court clerk.  Debtors allege that when they presented the Notice, which at that time were three separate notices of appeal, one for each of the three orders, to the clerk for filing, the clerk recommended that instead of submitting separate notices of appeal and paying the necessary fees for each one, that they consolidate the issues into one notice and avoid paying fees for each filing.  Debtors insist that the clerk therefore "implied" that if they reworked the notices into one notice and turned it in later that day, it would be filed under that date.

Debtors then allege that the Bankruptcy Court, unlike District Court, does not have an after hours filing receptacle to stamp the document, resulting in the order being dated March 16, 2007.

This argument is also unavailing.  First, Debtors provide no explanation for failing to raise this argument in their opposition to the Trustee's Motion to Dismiss Appeal. "Failure to raise an issue on appeal results in waiver of that issue." Mendoza v. Block, 27 F.3d 1357, 1363 (9th Cir. 1994).  Second, the Bankruptcy Court clerk's suggestion of a way to save filing fees, does not extend the time period within which to file the notice of appeal.  Indeed, at no time have Debtors claimed that any court ever gave them an extension of time to file the Notice.  It is the attorney's duty to ensure that they comply with filing deadlines and are aware of filing procedures.  Debtors cannot blame their delay in filing the Notice on the clerk's alleged statement regarding filing fees.  Furthermore, the declaration in support of this argument does not state that Debtors presented the combined Notice for filing later that same day, only to discover that the office was closed.  Instead, the declaration reads that the notice was filed the next day.  Therefore, it is unclear whether Debtors even made a second attempt to file the Appeal on the deadline.

8

## CONCLUSION

For the reasons stated above, the Court DENIES Debtor's Motion for Rehearing Regarding the Court's June 25, 2007 Order Granting United States Trustee's Motion to Dismiss Appeal and Denying as Moot Debtor's Motion for Stay Pending Appeal.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 13, 2007.

David Alan Ezra
United States District Judge

In re Personal Electric Transports, Inc., CV No. 07-00198 DAE/LEK; ORDER DENYING MOTION FOR REHEARING REGARDING THE COURT'S JUNE 25, 2007 ORDER GRANTING THE UNITED STATES TRUSTEE'S MOTION TO DISMISS APPEAL AND DENYING AS MOOT DEBTOR'S MOTION FOR STAY PENDING APPEAL